28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mitchell THOMPSON, Petitioner-Appellant,
v.
Michael O'DEA, Respondent-Appellee.
 No. 94-5067.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Mitchell Thompson, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Respondent has informed the court that he will not be filing a brief.
 
 
 2
 In 1987, a jury convicted Thompson of second-degree burglary, knowingly receiving stolen property, and being a persistent felony offender in the first degree. He was sentenced to ten years of imprisonment.
 
 
 3
 In his direct appeal to the Kentucky Court of Appeals, Thompson argued that he was denied due process of law when the trial judge refused to declare a mistrial after a prosecution witness mentioned that Thompson had previously been incarcerated. The Kentucky Court of Appeals affirmed the conviction, and the Kentucky Supreme Court denied discretionary review.
 
 
 4
 Thompson then filed his habeas petition raising the same issue that he presented to Kentucky's appellate courts. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as meritless. In his timely appeal, Thompson's brief raises the mistrial issue.
 
 
 5
 Upon review, we affirm the district court's judgment because Thompson has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 6
 To the extent that Thompson's brief can be construed as asserting that the state trial court violated a state rule or procedure, no constitutional claim has been established as errors of state law rarely serve as a basis for habeas relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994). Further, the trial court's immediate admonishment to the jury to ignore the prejudicial testimony removed the taint of the statement, eliminating any constitutional violation. Sizemore v. Fletcher, 921 F.2d 667, 670 (6th Cir.1990). The cases cited by Thompson in his brief are not applicable given the circumstances of this case.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.